1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**EASTERN DISTRICT OF CALIFORNIA**

7
8

**PHILIP KOENIG,**

**CASE NO. 1:13-CV-0693 AWI BAM**

9

**Plaintiff**

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND, AND GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**

10

**v.**

11

**BANK OF AMERICA, N.A.,**

12

**Defendant**

13
14
15
16
17

## I.      INTRODUCTION

18

Plaintiff Philip A. Koenig ("Plaintiff") commenced this action against Defendant Bank of

19

America, N.A. ("Defendant") in Fresno County Superior Court on April 5, 2013.  The matter was

20

removed to this Court under diversity jurisdiction pursuant to 28 U.S.C. §1441(b).  Plaintiff

21

alleges causes of action for violations of the Fair Debt Collections Practices Act ("FDCPA") and

22

the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Plaintiff also brings as a

23

cause of action a request for declaratory relief against Defendant.  Defendant filed a motion to

24

dismiss under Federal Rule of Civil Procedure 12(b)(6) on May 17, 2013.  For the reasons set

25

forth below, Defendant's motion will be GRANTED with leave to amend.

26
27

## II.      LEGAL STANDARD

28

**A.  12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).  Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Fed.R.Civ.P. 12(b)(6).  A dismissal for failure to state a claim is brought under Federal Rule of Civil Procedure Rule 12(b)(6) and may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

When the court reviews a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact, or unreasonable inferences. Daniels-Hall v. National Educ. Ass'n., 629 F.3d 992, 998 (9th Cir. 2010).  Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**B.  Judicial Notice**

1  Defendant has requested judicial notice of several documents: the Deed of Trust related to the

2  subject property, recorded with the Fresno County Recorder on April 13, 2007 ("RJN Ex. A"); an

3  Assignment of Deed of Trust, recorded with the Fresno County Recorder on February 29, 2012

4  ("RJN Ex. B"); a Substitution of Trustee, recorded with the Fresno County Recorder on February

5  19, 2013 ("RJN Ex. C"); and a Notice of Default and Election to Sell Under Deed of Trust,

6  recorded with the Fresno County Recorder on March 5, 2013 ("RJN Ex. D").  Plaintiff opposes

7  judicial notice of those exhibits.

8      Generally, the court considers only the complaint and attached documents in deciding a

9  motion to dismiss, but the court may also take judicial notice of matters of public record without

10  converting the motion into a motion for summary judgment. Lee v. City of Los Angeles, 250 F.3d

11  668, 689 (9th Cir. 2001).  Federal Rule of Evidence 201(b) permits a court to "judicially notice a

12  fact that is not subject to reasonable dispute because it: ¶(1) is generally known within the trial

13  court's territorial jurisdiction; or ¶(2) can be accurately and readily determined from sources whose

14  accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Public records are properly the

15  subject of judicial notice because the contents of such documents contain facts that are not subject

16  to reasonable dispute; as public records, the facts therein "can be accurately and readily

17  determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b);

18  Vargas v. Wells Fargo Bank, N.A., 2012 WL 2931220, *7 (N.D. Cal. July 18, 2012); see also

19  Permito v. Wells Fargo Bank, 2012 WL 1380322, *2 (N.D. Cal. Apr. 20, 2012) ("The Court will

20  take judicial notice of the dates, parties, and legally operative language of these documents, but

21  not the truth of various factual representations made in the documents.").

22      The exhibits offered by Defendant for judicial notice are all matters of public record, duly

23  recorded with the Fresno County Recorder.  See RJN Exs. A - D.  The fact of their recording can

24  be "accurately and readily determined" because the accuracy of the source of the records—the

25  Fresno County Recorder—"cannot reasonably be questioned." Fed. R. Evid. 201(b); Vargas v.

26  Wells Fargo, 2012 WL 2931220 at *7.  Rule 201(b) permits the court to take judicial notice of the

27  dates, parties, and legally operative language of these documents because they are "not subject to

28  reasonable dispute." Fed. R. Evid. 201(b); Vargas v. Wells Fargo, 2012 WL 2931220 at *7;

<u>Permito</u>, 2012 WL 1380322 at *2.  The Court will therefore take judicial notice of the RJN

exhibits. See <u>Lee</u>, 250 F.3d at 690.  Defendant's request is GRANTED.

## III.   BACKGROUND

The following background information is derived from the allegations found in Plaintiff's

complaint and the judicially noticeable records, discussed above.  Plaintiff and his wife owned and

were domiciled at the property located at 8772 North Chickadee Lane, Clovis, CA 93619 ("the

property"), which they purchased in 2007. <u>Compl.</u> ¶¶62, 71.  A Deed of Trust was recorded with

the Fresno County Recorder on April 13, 2007. RJN Ex. A, p. 1.  Plaintiff and his wife are

identified as "Borrower" and are the trustors under the Deed of Trust; American Brokers Conduit

is identified as "Lender;" First American Title is identified as "Trustee." RJN Ex. A, p. 1-2.

Mortgage Electronic Registration Systems, Inc. ("MERS") is identified as the beneficiary under

the Deed of Trust. RJN Ex. A, p. 2.  An Assignment of Deed of Trust was recorded with the

Fresno County Recorder on February 29, 2012, wherein MERS assigned all beneficial interest

under the Deed of Trust to Defendant. RJN Ex. B, p. 1.  Defendant substituted Quality Loan

Service Corporation ("Quality") as Trustee under the Deed of Trust. RJN Ex. C, p. 1.  Quality then

recorded a Notice of Default and Election to Sell Under Deed of Trust on March 5, 2013, after

Plaintiff defaulted on the note. RJN Ex. D, p. 1.

## IV.   DISCUSSION

**A.  Foreclosure of the Property**[1]

The theory underlying the totality of Plaintiff's complaint is that Defendant has no right to affect

foreclosure on the property.  The second cause of action is labeled as a request for declaratory

relief and seeks from the Court a declaration that Defendant does not have and has never had any

interest in the property. <u>Compl.</u> ¶114.  Plaintiff alleges that "[t]he entity that intends to foreclose

on the home of Plaintiff is not the lender that originated any mortgage and is not an assignee of

---

[1] Plaintiff's second cause of action will be addressed first as the discussion concerning the other causes of action depends in part on this determination.

any mortgagee nor a duly appointed trustee." Compl. ¶70.  A myriad of factual allegations and legal conclusions are contained in the complaint to support the contention that Defendant never obtained any legal interest in the property and therefore neither Defendant, Quality (as Trustee), nor any other entity identified in the complaint has the legal authority to foreclose.

In California, "nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust" is governed by the "comprehensive framework" of Civil Code sections 2924 through 2924k. Moeller v. Lien, 25 Cal.App.4th 822, 830 (Cal. App. 2nd Dist. 1994).

> Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale. (Civ.Code, § 2924; 4 Miller & Starr, supra, at § 9:131, p. 415.)  The foreclosure process is commenced by the recording of a Notice of Default and Election to Sell by the trustee. (Civ.Code, § 2924; 4 Miller & Starr, supra, at § 9:131, p. 416.).

Moeller, 25 Cal.App.4th at 830.  "[A] 'trustee, mortgagee or beneficiary or any of their authorized agents' may conduct the foreclosure process." Vargas v. Reconstruct Co., 2008 WL 5101557, *4 (E.D. Cal. Dec. 2, 2008) (quoting CA Civ. Code §2924(a)(1)).  Contrary to Plaintiff's allegations, Defendant does have the authority to proceed with the foreclosure as beneficiary under the Deed of Trust and to direct Quality as trustee to commence the process by recording a Notice of Default and Election to Sell Under Deed of Trust.

The judicially noticed records indicate a clear chain of title. See RJN Exs. A-D.  When he purchased the property, Plaintiff was a party to the Deed of Trust that named MERS as beneficiary. RJN Ex. A, p. 1-2.  MERS is a non-party, but Plaintiff devotes numerous paragraphs in his complaint to identifying MERS and alleging that MERS has never had any interest in the property. See Compl. ¶¶13-39, 43-47, 50, 59-60, 72, 79-80, 84.  The Deed of Trust provides the following:

> TRANSFER OF RIGHTS IN THE PROPERTY
> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan . . ., and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note . . . .

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, *the right to foreclose and sell the Property . . . .*

RJN Ex. A, p. 3 (emphasis added).  The Deed of Trust legally creates a beneficial interest in the property in favor of MERS.

MERS later assigned its beneficial interest in the property to Defendant. RJN Ex. B, p. 1. Plaintiff alleges defects in the assignment, disputes its authenticity, and argues that no interest in the property was transferred from MERS to Defendant. See Compl. ¶¶72-82; see Pl. Resp. to RJN, at p. 2; Pl. Resp. to MTD, at p. 7-11; see Pl. Surreply to MTD, at p. 6, 8-9.  As discussed above, judicial notice of the Assignment of Deed of Trust is proper because it is a public record.  It is therefore not subject to *reasonable* dispute. Fed. R. Evid. 201(b).  The legal effect of the document recorded with Fresno County is the assignment of MERS's beneficial interest in the property to Defendant.  The beneficial interest includes "the right to foreclose and sell the Property" by way of California's nonjudicial foreclosure scheme. RJN Ex. A, p.3; see Moeller, 25 Cal.App.4th at 830; see Vargas v. Reconstruct, 2008 WL 5101557 at *4.  Defendant was also authorized to appoint Quality as substitute trustee. See RJN Ex. C.  As trustee, Quality was authorized to initiate the foreclosure process. See RJN Ex. D; see Moeller, at p. 830; see Vargas v. Reconstruct, 2008 WL 5101557 at *4.  Judicial notice of the public records supporting this chain of title is proper and the Court will rely on those records.  Plaintiff's allegations to the contrary will not be accepted as true for purposes of this motion to dismiss. See Daniels-Hall, 629 F.3d at 998.  Defendant does have the right to foreclose on the property.

Therefore, Plaintiff's second cause of action requesting declaratory relief will be DISMISSED without prejudice.

**B. FDCPA Claims**

Plaintiff's first cause of action alleges violations of various provisions of the FDCPA, specifically 15 U.S.C. sections 1692e, 1692f, and 1692g. Compl. ¶¶97-111. The FDCPA provides for civil

1    suit against "any debt collector who fails to comply with any provision of this title." 15 U.S.C.

2    §1692k.  Plaintiff alleges that Defendant is a "debt collector" under the FDCPA. Compl. ¶87; 15

3    U.S.C. §1692a(6).

4            However, each section under which Plaintiff alleges a violation of the FDCPA requires

5    Defendant to be engaged in the act of debt collection. See 15 U.S.C. §§1692e ("in connection with

6    the collection of any debt"), 1692f ("to collect or attempt to collect any debt"), 1692g(a) ("in

7    connection with the collection of any debt"), 1692g(b) ("the debt collector shall cease collection of

8    the debt"); see also 15 U.S.C. §1692 (expressing Congressional findings concerning "debt

9    collection practices").  "[T]he law is clear that foreclosing on a property pursuant to a deed of trust

10   is not a debt collection within the meaning of . . . the [FDCPA]." Gamboa v. Tr. Corps & Cent.

11   Mortg. Loan Servicing Co., 2009 WL 656285, *4 (N.D. Cal. Mar. 12, 2009) (citations omitted);

12   see Vargas v. Reconstruct, 2008 WL 5101557 at *4.  This Court and others have likewise found

13   that nonjudicial foreclosure is not debt collection. See Angulo v. Countrywide Home Loans, Inc.,

14   2009 WL 3427179, at *5 (E.D. Cal. October 26, 2009); see Gallegos v. Wells Fargo Bank, N.A.,

15   2013 WL 3166389, at *4 (E.D. Cal. June 20, 2013); see Lopez v. JP Morgan Chase Bank, Nat.

16   Ass'n, 2012 WL 2953065, at *4 (E.D. Cal. July 19, 2012); see Izenberg v. ETS Services, LLC,

17   589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008); see Landayan v. Washington Mutual Bank, 2009 WL

18   3047238, at *3 (N.D. Cal. Sept. 18, 2009); see Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d

19   1188, 1204 (D. Or. 2002).

20           Here, Plaintiff complains of the nonjudicial foreclosure of the property, which is not

21   subject to the FDCPA.  The FDCPA claim cannot be cured through amendment.  Therefore,

22   Plaintiff's claim of FDCPA violations will be DISMISSED with prejudice.

23

24   **C.  RICO Claims**

25   Plaintiff's third cause of action alleges violation(s) of RICO. Compl., ¶¶125-141.  Plaintiff does

26   not state directly on which provision(s) of RICO this cause of action is based, but it appears that

27   he intends to allege violations of 18 U.S.C. section 1962(a), (b), and (c). Compl., ¶¶137-139.

28   "Section 1962, entitled 'Prohibited Activities,' outlaws the use of income derived from a 'pattern

                                                    7

of racketeering activity' to acquire an interest in or establish an enterprise engaged in or affecting interstate commerce; the acquisition or maintenance of any interest in an enterprise 'through' a pattern of racketeering activity; conducting or participating in the conduct of an enterprise through a pattern of racketeering activity . . . ." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 482-83 (1985) (describing 18 U.S.C. section 1962(a), (b), and (c), respectively).  While the specific activities prohibited by section 1962 differ, each subsection includes both "a pattern of racketeering activity" and an "enterprise" as elements to establish a RICO violation. 18 U.S.C. §1962.  These two elements alone are necessary but not sufficient to establish a RICO violation. See Sedima, 473 U.S. at 482-83.  Section 1964(c), providing for a private right of action, permits "[a]ny person injured in his business or property by reason of a violation of section 1962" to sue for damages.  18 U.S.C. §1964(c).  A civil RICO claim therefore requires both a qualifying injury ("injured in his business or property") and a causal nexus ("by reason of a violation") between a defendant's RICO violation(s) and a plaintiff's injuries.

As "a pattern of racketeering activity," Plaintiff alleges Defendant engaged in "at least two acts of mail fraud and a scheme to defraud homeowners and rental property owners" by mailing false foreclosure letters when Defendant has no interest in the subject properties. Compl., ¶¶126-133.  He also alleges what appears to be a different mail fraud scheme involving renters. Compl., ¶139.  Plaintiff alleges as an "enterprise" "[t]he individual homeowners, particularly one owning and operating rental property as a sole proprietor." Compl., ¶135.  Plaintiff further alleges:

> 137. Defendant acquired interest in, and control over, the rental property enterprises through the pattern of racketeering activity.

> 138. Subject to discovery, Defendant may have invested the proceeds of the pattern of racketeering activity into a different RICO "enterprise."

> 139. Subject to discovery, Defendant may have conducted or participated in the affairs of the rental property enterprises through the pattern of racketeering activity, by mailing letters directing renters to send their rental payments to Defendant pursuant to the terms of a real or imagined Mortgage or Deed of Trust, such letters falsely representing that Defendant is owner or holder of such a Note and therefore has authority to make such a demand.

The allegations found in paragraphs 137, 138, and 139 largely track the language of section 1962(b), (a), and (c), respectively. Compare Compl., ¶137 with 18 U.S.C. §1962(b); compare

1    Compl., ¶138 with 18 U.S.C. §1962(a); compare Compl., ¶139 with 18 U.S.C. §1962(c).  Finally,

2    Plaintiff alleges "as a result" of Defendant's alleged acts to have "suffered emotional distress and

3    faces the prospect of having her (sic) home sold at a wrongful foreclosure sale, or suffering a

4    Trustee's Deed to be recorded without a sale ceremony being performed" as well as "damage to

5    her (sic) credit (her property), and consequent injury to her business affairs, by reason of the

6    scheme." Compl., ¶¶134, 140.  Plaintiff's RICO claim, as alleged, must fail.

7

8         **1.  Pattern of Racketeering Activity**

9    Plaintiff has not pled his RICO claim with particularity. See Fed. Rule Civ. Proc. 9(b).  Plaintiff

10   alleges two "pattern[s] of racketeering activity;" both are schemes involving mail fraud. Compl.,

11   ¶¶126-133, 139.  The pleading requirements of Rule 9 are applicable to Plaintiff's RICO claim

12   because it is predicated on the act of mail fraud. Lancaster Cmty. Hosp. v. Antelope Valley Hosp.

13   Dist., 940 F.2d 397, 405 (9th Cir. 1991).

14        In alleging fraud or mistake, Rule 9(b) requires a party to "state with particularity the

15   circumstances constituting fraud or mistake," including "the who, what, when, where, and how of

16   the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)

17   (internal quotation marks omitted).  The "time, place, and specific content of the false

18   representations" must be set forth in the complaint. Edwards v. Marin Park, Inc., 356 F.3d 1058,

19   1066 (9th Cir. 2004) (citation omitted).  In addition, "'[t]he plaintiff must set forth what is false or

20   misleading about a statement, and why it is false.'" Vess, 317 F.3d at 1106 (quoting Decker v.

21   GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc)).

22        Here, Plaintiff alleges that "false foreclosure letters" are mailed to targeted homeowners

23   and rental property owners in an effort to acquire the targeted properties. Compl., ¶¶127-133.

24   Plaintiff also alleges that Defendant "mail[ed] letters directing renters to send their rental

25   payments to Defendant . . . such letters falsely representing that Defendant . . . has authority to

26   make such a demand." Compl., ¶139.  The complaint, however, is otherwise devoid of specific

27   allegations related to the mail fraud.  Factual circumstances of the fraud itself must be pled with

28   particularity. See Odom v. Microsoft Corp., 486 F.3d 541, 554 (9th Cir. 2007).  Plaintiff has not

alleged any of the circumstances surrounding the fraud, such as the dates the letters were sent, to whom the letters were sent, who sent the letters on behalf of Defendant, and what statements contained in the letters were false and why those statements are untrue.  This type of allegation is not "specific enough to give [Defendant] notice of the particular misconduct . . . so that [it] can defend against the charge," but instead leaves Defendant to "just deny that [it has] done anything wrong."  Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (citation omitted).  The RICO claim predicated on mail fraud therefore fails to meet the pleading requirements of Rule 9.


### 2.   Enterprise

Plaintiff alleges the "enterprise" element as follows: "The individual homeowner, particularly one owning and operating rental property as a sole proprietor, is an 'enterprise.'  Such a sole proprietorship is legally the same as the individual. [Plaintiff's citation omitted].  Each such rental property is a business, as typically reflected on a 1040 Schedule C." Compl., ¶135.  Plaintiff has satisfied the "enterprise" requirement.  "'[E]nterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. §1961(4).  It has been noted that "this definition is not very demanding" and "a single 'partnership,' a single 'corporation,' a single 'association,' and a single 'other legal entity' are all enterprises." Odom, 486 F.3d at 548.


### 3.   Injury to Business or Property

Plaintiff has failed to allege a qualifying injury to his business or property, as required by 18 U.S.C. section 1964(c).  A RICO injury requires both a showing of harm to a specific business or property interest and a concrete financial loss. See Canyon County v. Sygenta Seeds, Inc., 519 F.3d 969, 975 (9th Cir. 2008); see also Diaz v. Gates, 420 F.3d 897, 898-900 (9th Cir. 2005). Personal injuries and financial loss resulting therefrom are not compensable under RICO. See Ove v. Gwinn, 264 F.3d 817, 825 (9th Cir. 2001); see also Diaz, 420 F.3d at 899-900 (9th Cir. 2005).

        As it currently stands, Plaintiff's claim does not adequately allege injury to his property. Plaintiff's allegations of emotional distress are personal injuries that are not compensable under

RICO.  Merely alleging "damage" to Plaintiff's credit does not allege a concrete financial loss.  Likewise, alleging "consequent injury to her (sic) business affairs, by reason of the scheme" is vague and does not demonstrate a concrete financial loss.  It is not even alleged in the complaint what Plaintiff's business affairs are, let alone what injury has been suffered.  This appears to be nothing more than "[t]hreadbare recitals of elements" of a RICO injury. Iqbal, 556 U.S. at 678.

### 4.  Causal Nexus

There must be a causal nexus between a defendant's RICO violation and a plaintiff's injury. Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 462 (2006) ("[A] claim is cognizable under [section] 1964(c) only if the defendant's alleged violation proximately caused the plaintiff's injury.").  "The proximate-cause inquiry . . . requires careful consideration of the 'relation between the injury asserted and the injurious conduct alleged.'" Anza, 547 U.S. at 462 (citing Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 268 (1992)).  It is insufficient to simply allege that there has been a violation of RICO without a showing that the violation alleged caused the injury for which plaintiff seeks relief.  Here, Plaintiff has failed to allege facts sufficient to support the causal nexus between the alleged RICO violations and his injuries.

### i.  Section 1962(b)

Plaintiff first alleges a RICO violation of section 1962(b). Compl., ¶137; see Compl., ¶¶126-132 (describing Defendant's acquisition of targeted properties).  Section 1962(b) makes it unlawful for "any person through a pattern of racketeering activity . . . to acquire or maintain . . . any interest in or control of any enterprise . . . ." 18 U.S.C. §1962(b).  A claim supported by section 1962(b) requires a showing that "(1) the defendant's activity led to its control or acquisition over a RICO enterprise, and (2) an injury to plaintiff *resulting from defendant's control or acquisition of a RICO enterprise.*" Wagh v. Metris Direct, 348 F.3d 1102, 1111 (9th Cir. 2003) (citations omitted, emphasis added).

Plaintiff alleges that "Defendant acquired an interest in, and control over, *the rental property enterprises* through the pattern of racketeering activity. Compl., ¶137 (emphasis added).

Taken as true, there is no reasonable connection between Defendant's acquisition of interests in various rental properties and Plaintiff's injuries.  Even if the injuries Plaintiff alleged were sufficient to satisfy the requirements of section 1964(c), he has insufficiently pled facts to permit the Court to draw a reasonable inference that Defendant's acquisition of the rental property enterprises was the proximate cause of those injuries.  Plaintiff has nowhere alleged that his property is a rental property that was acquired by Defendant and no other causal nexus between the section 1962(b) violation and injuries alleged is apparent from the complaint.  The RICO claim based on a violation of section 1962(b) must fail.

### ii.  Section 1962(a)

Plaintiff next makes an allegation of a violation of section 1962(a). Compl., ¶138.  Section 1962(a) makes it unlawful for "any person who has received any income derived . . . from a pattern of racketeering activity . . . to use or invest . . . any part of such income . . . in acquisition of any interest in, or the establishment or operation of, any enterprise . . . ." 18 U.S.C. §1962(a).  To support a RICO claim based on section 1962(a), a plaintiff must allege "facts tending to show that he or she was injured *by the use or investment of racketeering income.*" Wagh, 348 F.3d at 1109 (citations omitted, emphasis added).

Plaintiff has alleged that "Defendant may have invested the proceeds of the pattern of racketeering activity into a different RICO 'enterprise.'"[2] Compl., ¶138.  The Court cannot determine based on the facts currently alleged how the investment of racketeering proceeds into other unidentified RICO enterprises would cause any of the injuries alleged by Plaintiff. See Compl., ¶¶134, 138, 140.   The RICO claim based on a violation of section 1962(a) must fail.

### iii.  Section 1962(c)

Finally, Plaintiff alleges a violation of section 1962(c). Compl., ¶139.  For a claim based on section 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of

---

[2] Plaintiff does not identify what the different RICO enterprise is.  The Court must assume Plaintiff refers to the individual homeowners and rental property owners described in the complaint. See Compl., ¶135.

1   racketeering activity (5) *causing injury* to plaintiffs' business or property." <u>Ove</u>, 264 F.3d at 825

2   (citations and quotations omitted, emphasis added).

3          Plaintiff alleges that "Defendant may have conducted or participated in the affairs of the

4   rental property enterprises through the pattern of racketeering activity, by mailing letters directing

5   renters to send their rental payments to Defendant . . . ." <u>Compl.</u>, ¶139.  No facts are alleged that

6   suggest how Defendant's scheme to obtain rental payments could injure Plaintiff.   The causal

7   nexus is therefore lacking.  The RICO claim based on a violation of section 1962(c) must fail.

8

9   **5.  Conclusion**

10   As alleged, the complaint is completely lacking in factual allegations to permit the Court to find

11   any causal nexus between Defendant's alleged RICO violations and Plaintiff's injuries.  For the

12   foregoing reasons, Plaintiff's claim based on violations of RICO must fail.  Therefore, Plaintiff's

13   third cause of action will be DISMISSED without prejudice.

14

15                               **V.     ORDER**

16   For the foregoing reasons, Defendants' motion to dismiss is GRANTED with leave to amend as to

17   the second and third causes of action.

18

19   IT IS SO ORDERED.

20   Dated:   December 23, 2013         _____

21                                    SENIOR  DISTRICT  JUDGE

22

23

24

25

26

27

28

                                        13