**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILIP KOENIG,<br><br>         Plaintiff<br><br>         v.<br><br>BANK OF AMERICA, N.A.,<br><br>         Defendant | CASE NO. 1:13-CV-0693 AWI BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND ORDER DISMISSING THE COMPLAINT AND GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>**(Doc. 26)** |

### I.   INTRODUCTION

Plaintiff Philip A. Koenig ("Plaintiff"), in an action against Defendant Bank of America, N.A. ("Defendant'), brings this Motion to Alter or Amend Order Dismissing the Complaint and Granting Defendant's Request for Judicial Notice. Doc. 26.  The subject of the present motion is the Court's order of December 23, 2013, which granted Defendant's Motion to Dismiss and granted Defendant's Request for Judicial Notice. Doc. 24.  In its opposition, Defendant requests the Court provide a date by which Plaintiff may file an amended complaint, which was omitted from the December 23, 2013, Order.

For the following reasons, Plaintiff's Motion will be DENIED and Plaintiff will have thirty (30) days from the date of this Court's ruling to file an amended complaint.

### II.   BACKGROUND

Plaintiff commenced this action on April 5, 2013, in Fresno County Superior Court; it was removed to this Court pursuant to 28 U.S.C. section 1441(b) diversity jurisdiction. Doc. 1. Plaintiff alleged several claims related to the foreclosure of his home. *See* Doc. 1-1, Ex. B

(Complaint); *see also* Doc. 24.

On May 17, 2013, Defendant brought a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and a Request for Judicial Notice. Doc. 5. The Motion to Dismiss and Request for Judicial Notice was fully briefed by the parties and taken under submission. *See* Doc. 5; *see* Doc. 10; *see* Doc. 16; *see* Doc. 18; *see* Doc. 13; Doc. 17. This Court issued an Order December 23, 2013, granting both the Motion to Dismiss and the Request for Judicial Notice. Doc. 24. Plaintiff's first cause of action – alleging violations of the Fair Debt Collection Practices Act – was dismissed with prejudice; Plaintiff's second cause of action – seeking a declaratory judgment establishing Defendant's lack of interest in the property and its lack of right to foreclose – and third cause of action – alleging violations of the Racketeering Influenced and Corrupt Organization Act – were dismissed with leave to amend. *See* Doc. 24. The Court did not express a date by which an amended complaint must be filed. *See* Doc. 24.

Plaintiff filed the present Motion on January 21, 2014. Doc. 26. Defendant submitted an opposition. Doc. 27. The matter was taken under submission by the Court. Doc. 32.

### III.  LEGAL STANDARD

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 889 (9th Cir. 2001); Smith v. Massachusetts, 543 U.S. 462, 475 (2005). The court may do so "at any time" before the entry of final judgment. Fed.R.Civ.P. 54(b); *see* Local Rule 230(j) (procedural requirements). This allows district courts "to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000). Consistent with this purpose, courts generally avoid exercising this power unless they learn of newly discovered evidence, an intervening change in controlling law, or reason to believe they committed clear error. Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (applying this standard to motion to "alter or amend a judgment" under Fed.R.Civ.P. 59(e)).

## IV.     DISCUSSION

**A. Plaintiff's New Evidence Does Not Warrant Reconsideration**

Plaintiff does not present any newly discovered evidence or any relevant legal argument concerning his newly discovered evidence that persuades this Court to exercise its discretion to reconsider.  The "new evidence" Plaintiff presents is a letter dated January 8, 2014, from "Bank of America, N.A., the servicer of your home loan." Doc. 26 at 2; *see also* Doc. 26 Exhibit A.  The letter, apparently in response to an inquiry by Plaintiff regarding the identity of the loan investor or owner, names Federal Home Loan Mortgage Corporation as the investor or owner of Plaintiff's loan. Doc. 26 at 3; *see also* Doc. 26 Exhibit A.  The remainder of Plaintiff's motion is devoid of any mention of this letter and contains no argument or explanation as to how or why this "new evidence" should now be considered or how it should change the Court's decision of the issues.

Considering the fact that the letter identifies Federal Home Loan Mortgage Corporation as the investor/owner of Plaintiff's loan and Defendant as the servicer of the loan, this Court is not persuaded that granting Plaintiff's motion is appropriate.  The Court's decision granting the Motion to Dismiss was based in relevant part on the judicially noticeable facts set forth in the Deed of Trust and Assignment of Deed of Trust that demonstrated Defendant's right as beneficiary to foreclose the property. *See* Doc. 24, Part IV.A.  Those publicly recorded documents clearly show that MERS was the original beneficiary under the Deed of Trust with the right to foreclose and sell the property, and those interests were later assigned to Defendant.  The Court in no way relied on the identity of the loan investor or owner, as that is not relevant to Defendant's right to foreclose under the Deed of Trust, which identifies the Deed of Trust beneficiary as a nominee for the lender and the lender's successors and assigns. *See* Doc. 5-1 at 8 (identifying MERS in the Deed of Trust).  The actual lender or owner/investor of the loan may freely change without impacting the Deed of Trust beneficiary's rights.[1]

Further, there is nothing inconsistent with Defendant's status as a servicer of the loan and

---

[1] California courts have upheld the "MERS System" of securitization of real property debt instruments with regard to the separate assignments of interests in the promissory note and interests in the deed of trust – similar to what occurred in this case – and found the right to foreclose vested in the beneficiary of the deed of trust. *See, e.g.,* <u>Fontenot v. Wells Fargo Bank, N.A.</u>, 198 Cal.App.4th 256 (Cal. App. 1st Dist. 2011).

its rights as beneficiary of the Deed of Trust to foreclose the property or order foreclosure by the trustee. *See* Cal. Civ. Code § 2920.5(a) ("'Mortgage servicer' means a person or entity who directly services a loan, or who is responsible for interacting with the borrower, managing the loan account on a daily basis including collecting and crediting periodic loan payments, managing any escrow account, or *enforcing the note and security instrument*, either as the current owner of the promissory note *or as the current owner's authorized agent*.") (emphasis added).

### B. Plaintiff Offers No Authority Affecting a Change in Controlling Law

Plaintiff does not specifically identify any authority that suggests there has been a change in controlling law and the Motion itself does not contain any argument or citations that suggest there has been a subsequent change in the law. The Motion is therefore insufficient to persuade the Court to reconsider on this ground.

### C. The Court's Order Does Not Show Legal Error

Finally, Plaintiff has not persuaded the Court that the prior Order was erroneous. The bulk of the present Motion to Reconsider is argument against the Court's grant of judicial notice of the Deed of Trust, Assignment of Deed of Trust, Substitution of Trustee, and Notice of Default and Election to Sell Under Deed of Trust and the resulting conclusion that Defendant was authorized to foreclose the property under the Deed of Trust. In substance, Plaintiff simply repeats numerous arguments already made in his prior briefs.

"[A] motion to reconsider is not a vehicle permitting the unsuccessful party to 'rehash' arguments previously presented, or to present 'contentions which might have been raised prior to the challenged judgment.'" Ransom v. Vogel, 2013 WL 3968388, *1 (E.D. Cal. 2013) (quoting Costello v. United States, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991) and citing F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986) and Keyes v. National R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa. 1991)). At this stage, however, Plaintiff's recycled arguments are presented as responses to specific statements, findings, or conclusions found in the prior Order. The Court has already considered and rejected Plaintiff's arguments on these matters; repetition of those

arguments here has added nothing of substance. Plaintiff has achieved nothing more than effectuating notice of his disagreement with the Court's decision. This Court has previously stated that a "[p]laintiff's disagreement with [an] order . . . is not sufficient to support a motion for reconsideration." Polk v. Pittman, 2013 WL 6198867, *2 (E.D. Cal. 2013).

Affording full consideration to the Motion, the Court has reviewed the prior Order and is persuaded that reconsideration is not warranted. As indicated, Plaintiff disputes the Court's grant of judicial notice and determination of Defendant's right to foreclose. The Court's conclusions are legally sound and consistent with factually similar cases. *See, e.g.,* Castaneda v. Saxon Mortg. Services, Inc., 687 F.Supp.2d 1191 (E.D. Cal. 2009) (granting judicial notice of Deed of Trust and Assignment of Deed of Trust and stating "As the listed nominee and beneficiary under the Deed of Trust, MERS had authority to assign its beneficial interest to another party."). Plaintiff has failed to demonstrate that the Court's decision constituted legal error.

## V.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Alter or Amend Order Dismissing the Complaint and Granting Defendant's Request for Judicial Notice is DENIED.
2. Defendant's request for a date by which Plaintiff may file an amended complaint is GRANTED.
3. Any amended complaint SHALL BE FILED within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   May 28, 2014

SENIOR DISTRICT JUDGE