UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP KOENIG,<br><br>            Plaintiff,<br><br>      v.<br><br>BANK OF AMERICA, N.A.,<br><br>            Defendant. | Case No. 1:13-cv-0693-AWI-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO ADD NEW DEFENDANTS, FACTUAL ALLEGATIONS AND CAUSES OF ACTION**<br><br>**(Doc. 47).** |

This is a mortgage-related case brought by Plaintiff Philip A. Koenig ("Plaintiff") against Defendant Bank of America, N.A. ("Defendant"). On October 6, 2014, Plaintiff filed a motion for leave to amend the complaint to add eight new defendants, eight new causes of action, and additional factual allegations, together with a proposed first amended complaint ("Proposed FAC"). (Docs. 45, 46). On October 31, 2014, Defendant filed a brief in opposition (Doc. 50); on November 17, 2014 and November 14, 2014, Plaintiff filed a reply and a supplemental reply brief (Docs. 51, 53). For the reasons set forth below, Plaintiff's motion to amend is DENIED and Plaintiff will have thirty (30) days from the date of the service of this Order to file an amended complaint in accordance with the Court's previous order dismissing the Complaint with leave to amend. (Doc. 24).

## BACKGROUND

The theory underlying Plaintiff's initial complaint concerns a $349,000 loan and related Deed of Trust ("DOT") recorded against the home owned by Plaintiff and his wife at 8772 North Chickadee Lane, Clovis, California 93619 (the "Property"). *Proposed* FAC ¶ 62, Doc 46. On April 5, 2013, Plaintiff filed suit against Defendant Bank of America challenging foreclosure

proceedings on the Property and alleging claims for (1) violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) request for declaratory relief; and (3) violation of the Racketeering Influenced and Corrupt Organization Act ("RICO") in the Fresno County Superior Court. (Doc. 1). Plaintiff's complaint was subsequently removed to this Court pursuant to 28 U.S.C. § 1441(b) for diversity jurisdiction. (Doc. 1.)

On May 17, 2013, Defendant brought a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and a Request for Judicial Notice. (Doc. 5.) On December 23, 2013, the Court dismissed with prejudice Plaintiff's first cause of action alleging FDCPA violations, but found that Plaintiff was entitled to amend his second and third causes of action for declaratory relief and purported RICO violations. (Doc. 24).

Plaintiff did not immediately file his amended complaint, but instead filed a motion to alter or amend the Court's order on January 21, 2014 (Doc. 26), which the Court denied on May 28, 2014. (Doc. 34). In denying Plaintiff's Motion to Alter or Amend, the Court granted Plaintiff thirty (30) days from the date of the order to file an amended complaint, making Plaintiff's deadline for his First Amended Complaint ("FAC") June 30, 2014. (Doc. 26). Plaintiff failed to file his FAC within the allotted time and instead he requested three separate thirty-day motions for an extension of time to file his FAC. (Docs. 36, 39, 41). The Court granted Plaintiff's requests for additional time and his FAC was finally due on October 6, 2014. (Doc. 44.)

On October 6, 2014, Plaintiff filed the instant Motion along with his proposed FAC. In his FAC, Plaintiff seeks to add eight additional Defendants including: (1) Bank of America, N.A. as successor by merger to BAC Home Loans Servicing LP FKA Countrywide Loan Servicing LP; (2) Mortgage Electronic Registration Systems, Inc (MERS); (3) Merscorp Holdings, Inc.; (4) Federal Home Loan Mortgage Corporation ("Freddie Mac"); (5) FHLMC S/A-3Day Arc-125949; (6) Federal Housing Finance Agency; (7) Quality Loan Service Corp.; and (8) Corelogic, Inc. Plaintiff also seeks to add eight additional causes of action including claims for: (1) quiet title; (2) violation of the FDCPA; (3) request for declaratory relief; (4) request for injunctive relief; (5) cancellation of instrument; (6) violation of Cal. Civ. Code § 2923.5; (7) violation of Cal. Civ. Code § 2924; and (8) Negligence. Generally, Plaintiff's allegations challenge each proposed

Defendants' interest in Plaintiff's loan and related foreclosure irregularities. Plaintiff also attempts to allege new factual allegations including that certain proposed Defendants should have offered him a loan modification and that he did not have enough time to read his original loan paperwork. *See, e.g. Proposed* FAC ¶¶ 11, 17-18, 70-71.

## **LEGAL STANDARD**

Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a). *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997). Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (*citing Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003)). "Some courts have stressed prejudice to the opposing party as the key factor." *Texaco v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." *Id.* (internal quotation marks and citation omitted); *but see Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." *Jordan*, 669 F.2d at 1324. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Kaplan v. Rose,* 49 F.3d 1363, 1370 (9th Cir. 1994). Delay can contribute to a finding of prejudice, for "expense, delay, and

wear and tear on individuals and companies count toward prejudice." *Id.* (internal quotation marks and citation omitted).

## DISCUSSION

Defendant offers three primary reasons why leave to add additional defendants and claims should be denied. First, Defendant argues that Plaintiff unreasonably delayed bringing this claim because he has not pointed to any facts he learned since his original complaint supporting his proposed amendments. Second, Defendant argues that allowing Plaintiff to add eight new defendants and quadruple his causes of action would cause substantial prejudice. Finally, Defendant argues that Plaintiff's additional claims are futile.

### 1. Undue Delay in Seeking Amendment

Defendant argues that the Court should deny leave to amend because Plaintiff is not seeking to allege facts or theories that were previously unknown and there is no basis for excusing his undue delay in moving to amend his Complaint. The Court agrees that Plaintiff has unduly delayed seeking leave to add eight additional defendants and numerous new causes of action.

While delay alone is insufficient to deny amendment, undue delay is a factor to be considered. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming district court's denial of motion for leave to amend to add new claims made two years into litigation). Pertinent to the consideration of this factor is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading. *See Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1388 (9th Cir. 1990) (*citing E.E.O.C. v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir.)).

The allegations against Plaintiff's eight proposed additional defendants rest largely on two premises—that the proposed Defendants did not have the authority or the ability to assign a beneficial interest in the Deed of Trust or that any all assignments were improper. Although Plaintiff attempts to add new defendants and new causes of action, the gravamen of the allegations of his proposed amended complaint is that Defendants have no interest in the

4

underlying loan and therefore cannot seek to sell the property under the Deed of Trust—a theory of recovery already considered by the Court. Plaintiff does not allege that he has obtained new information not previously available to him. He instead regurgitates the same theories and allegations already dismissed in the Court's order dismissing his initial complaint, but against additional parties.

In sum, the allegations Plaintiff seeks to add to the complaint are not comprised of newly discovered facts, but facts that have already been known and pled by Plaintiff in his original complaint or facts that Plaintiff has known, or should have known since the inception of the lawsuit, but failed to raise. Thus, the basis for amendment does not establish Plaintiff's diligence in seeking to amend the complaint to include these allegations and is evidence of Plaintiff's undue delay. *See JP Morgan Chase Bank, N.A. v. KB Home*, 2010 U.S. Dist. LEXIS 109728, 2010 WL 3862086, at *5 (D. Nev. Sept. 26, 2010) (amendment denied where basis for amendment was known long before amendment sought).  Rather, Plaintiff's request to amend his complaint appears to be an attempt at an end-run around the district court's dismissal of Plaintiff's claims.

### 2. Prejudice to Defendant

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the touchstone of the inquiry under rule 15(a)."). The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1986). Here, the scope of the proposed amendment to Plaintiff's complaint is highly prejudicial to Defendant for several reasons. First, Defendant has already defended against the bulk of these claims in its first motion to dismiss. Plaintiff's FDCPA claim was dismissed with prejudice and Plaintiff was given leave to amend his claims for declaratory relief and alleged RICO violations. (Doc. 24).  Instead of curing the deficiencies identified by the Court, Plaintiff again re-alleges his barred FDCPA claim; and abandons his RICO claim.  With respect to Plaintiff's claim for declaratory relief, Plaintiff's proposed amended complaint states "Plaintiff's [request for declaratory relief] is different from the Second Cause of Action which

was dismissed with prejudice by the [Court's dismissal] Order, because additional Defendants have been added." *Proposed* FAC ¶ 216. Plaintiff again does not seek to cure any deficiencies identified by the Court; he merely attempts to reargue the same theories that have already been dismissed against new parties.

Second, amendment of the pleadings in the manner sought would significantly expand the scope of the litigation and the parties involved, causing further delay in this case. *See Jackson*, 902 F.2d at 1388 (prejudice may arise when new theories require a party to re-litigate issues or significantly alter the circumstances of the litigation). Defendant would suffer prejudice from continued delay of the litigation. For example, although MERS and MERS Corp, Inc., were not defendants in Plaintiff's original complaint, Plaintiff made several attempts to challenge MERS standing: "MERS never properly held the mortgage;" "an assignment from MERS is a legal nullity because MERS never had an interest in any Note or Mortgage encumbering the property." Compl. ¶ 60, 84. In his proposed amended complaint, Plaintiff again challenges MERS standing—"MERS is not in good standing in California, and is therefore not authorized to assign Deeds of Trust"—however, this underlying theory was already dismissed and Plaintiff has not made a meaningful attempt to amend those claims.

The scope of amendment proposed is prejudicial to Defendant because it would require significant time by all parties to address previously dismissed claims. Accordingly, prejudice to the defendant weighs strongly against the proposed amendment.

### 3. Futility of Amendment

Defendant also argues that Plaintiff's proposed claims are futile because they are duplicative of claims already dismissed by this Court. Defendant is correct. Leave to amend may be denied if the proposed amendment is futile or subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

In his Motion, Plaintiff claims, as seen above, that MERS has not been in good standing in California (Doc. at 46 3-4), and that MERS/MERSCorp. Inc., did not have authority to issue the beneficial interest under the DOT. (*Id.* at 4.) However, Plaintiff made these exact allegations in

his original Complaint. *See Compl.* ¶¶ 14, 28, 29. Further, Plaintiff claims that because the original lender's parent company purportedly filed for bankruptcy in 2007, MERS was incapable of assigning its assets after the bankruptcy was filed. (Doc. at 46 3-4). This too had been previously alleged by Plaintiff and addressed by this Court. In denying Plaintiff's Motion to Alter, the Court stated that it did not "rely on the identity of the loan investor or owner, as that is not relevant to Defendant's right to foreclose." (Doc. 34 at 3). To allow Plaintiff to allege that identical allegation would be futile.

Additionally, Plaintiff asserts that, based on internet research, proposed Defendant Freddie Mac is the true owner and investor of the Loan. (Doc. 45 at 5.) Again, Plaintiff asserted these allegations in his Motion to Alter and they were disregarded by the Court. (Doc. 10 at 2, 7). Finally, Plaintiff has already challenged Bank of America's authority to foreclose on the Property, yet attempts to do so again in the instant Motion. (Doc. 46 at 6); Compl. ¶¶ 3, 82. In sum, although Plaintiff is attempting to more than quadruple his number of remaining claims and adds eight new defendants to this action, Plaintiff's proposed FAC would be futile since his claims are largely predicated on underlying allegations previously asserted and rejected.

### 4. Bad Faith in Seeking Amendment

Lastly, a bad faith motive is a proper ground for denying leave to amend. *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). Here, the Court cannot say that Plaintiff's motion to amend was brought in good faith. Plaintiff's proposed amended complaint is eerily similar to numerous other complaints challenging foreclosure filed in this district. This Court has previously surmised that complaints similar to Plaintiff's proposed amended complaint were brought in bad faith and "seek to exploit the court system solely for delay or to vex defendants and the foreclosure process." *See Allen v. U.S. Bank Nat'l Assoc.*, 2013 U.S. Dist. LEXIS 146977 (E.D. Cal. Oct. 10, 2013) (claims for declaratory relief, quiet title, breach of the implied covenant of good faith, and violations of the FDCPA and RICO dismissed with prejudice in this foreclosure action for failing to state a viable claim and lacking good faith); *Heflebower v. United States Bank Nat'l Ass'n*, 2013 U.S. Dist. LEXIS 103126 (E.D. Cal. July 23, 2013) (claims for

declaratory relief and violations of the FDCPA and RICO dismissed with prejudice in this foreclosure action for failing to state a viable claim and lacking good faith).

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). An attempt to vex or delay here provides further grounds to deny leave to add new claims and parties to this action.

## **CONCLUSION**

In light of the foregoing, the Court ORDERS as follows:

1. The Court DENIES Plaintiff leave to file an amended complaint in the form attached to his Motion.

2. Plaintiff shall have thirty (30) days from the date of service of this order to file an amended complaint which is consistent with the Court's December 23, 2013 qtf gt"dismissing the Complaint with leave to amend. (Doc. 24). Plaintiff was granted leave to amend as to the second and third causes of action, only.

3. Plaintiff is hereby warned that the Court will not grant a request for an extension of time unless good cause for the extension is shown.

4. Failure to comply with this Order may result in a recommendation to dismiss the case.

IT IS SO ORDERED.

Dated:   **December 10, 2014**              /s/ *Barbara A. McAuliffe*            
                                         UNITED STATES MAGISTRATE JUDGE