1
2
3
4
5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF CALIFORNIA

7

8    PHILIP KOENIG,                          CASE NO. 1:13-CV-0693 AWI BAM

9                      Plaintif               ORDER RE: MOTION TO DISMISS

10                v.

11   BANK OF AMERICA, N.A.,

12                    Defendant               (Doc. 68)

13

14                              **I. Background**

15         Plaintiff Philip Koenig ("Plaintiff") and his wife owned and were domiciled at the property

16   located at 8772 North Chickadee Lane, Clovis, CA, 93619 ("Property"), which they purchased in

17   2007. Doc. 67, ¶84.  A Deed of Trust ("DOT") was recorded with the Fresno County Recorder on

18   April 13, 2007. Doc. 5-1, Ex. A.  Plaintiff and his wife are identified as "Borrower" and are the

19   trustors under the DOT; American Brokers Conduit is identified as "Lender"; First American Title

20   is identified as "Trustee"; Mortgage Electronic Registration Systems, Inc. ("MERS") is identified

21   as "a nominee for Lender" and "beneficiary under this Security Instrument". Doc. 5-1, Ex. A.  The

22   Federal Home Loan Mortgage Corporation ("Freddie Mac") acquired the loan on May 17, 2007.

23   Doc. 45, Ex. B.  Defendant Bank of America ("Defendant") is the servicer of the loan on behalf of

24   Freddie Mac. Doc. 45, Ex. D.  MERS recorded on February 29, 2012 an assignment all beneficial

25   interest under the DOT to Defendant. Doc. 5-1, Ex. B.  Defendant recorded on February 19, 2013

26   a substitution of Quality Loan Service Corporation ("Quality") as Trustee in place of First

27   American Title. Doc. 5-1, Ex. C.  Quality then recorded a Notice of Default and Election to Sell

28   Under Deed of Trust on March 5, 2013, after Plaintiff fell behind on mortgage payments. Doc. 5-

1, Ex. D.  It does not appear that the foreclosure was ever completed.

Plaintiff sued Defendant alleging causes of action based on declaratory relief, the Fair Debt Collection Practices Act ("FDCPA"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Doc. 1.  Defendant filed the first motion to dismiss.  Doc. 5.  Plaintiff opposed the motion.  Doc. 10.  The FDCPA cause of action was dismissed with prejudice while the declaratory relief and RICO causes of action were dismissed with leave to amend.  Doc. 24.  Plaintiff sought reconsideration of this order, objecting to the court's taking judicial notice of certain documents. Doc. 26.  That motion was denied. Doc. 34.  Plaintiff then made a motion for leave to add parties and additional causes of action, filing a proposed amended complaint. Docs. 45 and 46.  Plaintiff's motion was denied in part due to the fact that Plaintiff had not yet resolved the factual deficiencies that lead to the grant of the original motion to dismiss; Plaintiff was granted another opportunity to amend. Doc. 54.  The operative pleading is the First Amended Complaint. Doc. 67.  Plaintiff asserts two causes of action based on declaratory relief and RICO.  Defendant has made a second motion to dismiss. Doc. 68.  Plaintiff opposes the motion. Doc. 74.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013).  However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); Sprewell v. Golden State

1   Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  To avoid a Rule 12(b)(6) dismissal, "a complaint

2   must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

3   its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the

4   court draw the reasonable inference that the defendant is liable for the misconduct alleged.  The

5   plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

6   possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009);

7   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  The Ninth Circuit has distilled the

8   following principles from Iqbal and Twombly: (1) to be entitled to the presumption of truth,

9   allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

10  but must contain sufficient allegations of underlying facts to give fair notice and to enable the

11  opposing party to defend itself effectively; (2) the factual allegations that are taken as true must

12  plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to

13  be subjected to the expense of discovery and continued litigation. Starr v. Baca, 652 F.3d 1202,

14  1216 (9th Cir. 2011).  In assessing a motion to dismiss, courts may consider documents attached to

15  the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.

16  Dichter-Mad Family Partners. LLP v. United States, 709 F.3d 749, 761 (9th Cir. 2013).  If a

17  motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to

18  amend the pleading was made." Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012).

19  However, leave to amend need not be granted if amendment would be futile or if the plaintiff has

20  failed to cure deficiencies despite repeated opportunities. Mueller v. Aulker, 700 F.3d 1180, 1191

21  (9th Cir. 2012); Telesaurus VPC. LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

22

23                                          **III. Discussion**

24  **A. Declaratory Relief**

25          Plaintiff argues that he is entitled to declaratory relief on the basis of his claim that

26  Defendant is wrongfully foreclosing on his property: "Defendant is not the owner or holder of any

27  Note encumbering the Property; that Defendant has no secured interest in Plaintiff's property; that

28  Defendant was never a mortgagee, beneficiary or assignee of any mortgage or deed of trust

                                                3

1   encumbering Plaintiff's property; and that Plaintiff has no legal relationship with Defendant."

2   Doc. at 36.  Specifically, Plaintiff argues that Defendant was not a holder in due course due to (1)

3   knowing that many borrowers could not afford their mortgages and (2) improper transfer of notes.

4   Doc. 67, at 37-39.  Plaintiff had raised these arguments in the original complaint, which was

5   dismissed without prejudice.

6          Regarding the first argument, the requirements for holder in due course status is set out in

7   Cal. U. Com. Code § 3302 but that provision is not applicable to non judicial foreclosure. See

8   Debrunner v. Deutsche Bank National Trust Co., 204 Cal. App. 4th 433, 440-41 (Cal. App. 6th

9   Dist. 2012) ("reliance on the California Uniform Commercial Code provisions pertaining to

10   negotiable instruments is misplaced. The comprehensive statutory framework established [in Cal

11   Civ. Code §§ 2924 to 2924k] to govern nonjudicial foreclosure sales is intended to be exhaustive.

12   Because of the exhaustive nature of this scheme, California appellate courts have refused to read

13   any additional requirements into the non-judicial foreclosure statute") ; Chaoui v. Bank of Am.,

14   N.A., 2013 Cal. App. Unpub. LEXIS 6879, *23 (Cal. App. 2d Dist. Sept. 26, 2013) ("California

15   Uniform Commercial Code section 3302 defines the 'holder in due course' of a negotiable

16   instrument, but Commercial Code provisions dealing with negotiable instruments do not apply to

17   California's comprehensive nonjudicial foreclosure scheme"); Usher v. Greenpoint Mortg.

18   Funding, Inc., 2010 U.S. Dist. LEXIS 127311, *25 (E.D. Cal. Dec. 1, 2010) ("Plaintiff also alleges

19   that the foreclosure proceedings brought against the subject property were unlawful because none

20   of the defendants were the 'holder in due course.' Plaintiff's claim is frivolous").

21          The heart of Plaintiff's allegations in this case involves his second argument, that through

22   an improper transfer of notes, Defendant does not have the right to foreclose (or direct another

23   party to foreclose) on the Property.  Plaintiff makes a scattershot of allegations that various entities

24   connected with his mortgage did not have the authority to take part in the issuance of mortgages or

25   to transfer the interests therein.  In the prior order dismissing the original complaint, it was

26   determined that Plaintiff did not plead sufficient facts to state a cause of action based on this

27   argument.  Plaintiff objects that "the Court impermissibly took judicial notice of the truth of a

28   number of factual representations made in the Deed of Trust, Assignment of Deed of Trust,

4

1   Substitution of Trustee and Notice of Default and Election to Sell Under Deed of Trust.  As a

2   result, the Court concluded that Defendant was authorized to foreclose the property under the

3   Deed of Trust." Doc. 74, at 3.  As explained before, courts may take judicial notice of the dates,

4   parties, and legally operative language of these documents because they are "not subject to

5   reasonable dispute." Fed. R. Evid. 201(b); Permito v. Wells Fargo Bank, 2012 WL 1380322, *2

6   (N.D. Cal. Apr. 20, 2012) ("The Court will take judicial notice of the dates, parties, and legally

7   operative language of these documents").  Recorded deeds of trust and associated documents have

8   automatic legal effect.  For example, the statute governing substitution of trustees specifies, "Once

9   the document required by this paragraph is recorded, it shall constitute conclusive evidence of

10  compliance with the requirements of this paragraph in favor of substituted trustees acting pursuant

11  to this section." Cal. Civ. Code § 2934a(a)(2)(D).  It is recognized that "Under California law, a

12  substitution of trustee is effective from the time it is recorded." Bello v. Chase Home Fin., LLC,

13  622 Fed. Appx. 663 (9th Cir. 2015).  It is this legally operative effect that the court takes judicial

14  notice of.  The chain of recorded documents provided gives Defendant the right to foreclose.

15  Plaintiff asserts that these documents are not valid but raises only speculative objections.

16  Conclusory allegations disputing the validity of documents properly recorded with a county

17  recorder's office are insufficient to state a claim when evaluated under the motion to dismiss

18  standard. See Burnett v. Northwest Tr. Servs., 2015 U.S. Dist. LEXIS 16121, *5 (C.D. Cal. Feb. 9,

19  2015).

20          Plaintiff alleges "At all relevant times, MERS is 'suspended' in California, and is not

21  authorized to assign a Deed of Trust to Bank of America, or otherwise to do business in

22  California." Doc. 67, at 2.  Defendant points out that "a corporation's past, unregistered business

23  activities are 'retroactively validated' upon later, successful registration with the Secretary of

24  State." Adam v. Mortgage Elec. Registration Sys., Inc., 2011 WL 63651, *3 (C.D. Cal. Jan. 4,

25  2011).  Plaintiff admits that "The Secretary of State's records show a 'MORTGAGE

26  ELECTRONIC REGISTRATION SYSTEMS, INC.' currently active as #C3306164, which was

27  filed on 07/21/2010." Doc. 67, at 7.  In other cases in which MERS's suspension in California has

28  been raised, courts have rejected it as a reason for voiding the assignment of a deed of trust. See

1    Wallace v. Mortg. Elec. Registration Sys., 2012 U.S. Dist. LEXIS 3977, *5-7 (C.D. Cal. Jan. 11,

2    2012); Bever v. CitiMortgage, Inc., 2014 U.S. Dist. LEXIS 54390, *47-48 (E.D. Cal. Apr. 17,

3    2014).

4            Plaintiff also alleges that "The loan was sold to Freddie Mac (on May 17, 2007) before

5    MERS assigned it to Bank of America (on February 27, 2012).  Therefore, MERS attempted to

6    assign to Bank of America a loan that its principal (American Brokers Conduit) did not own" and

7    "MERS is not a beneficiary and does not have the ability to transfer the beneficial interest in a

8    promissory note without more agency in this capacity than being named as a nominee on a deed of

9    trust." Doc. 67, at 2 and 11.  The DOT on the Property states "The beneficiary of this Security

10   Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the

11   successors and assigns of MERS." Doc. 5-1, Ex. A.  Being a nominee for the lender is no bar to

12   exercising all rights and duties of a beneficiary. See Lane v. Vitek Real Estate Indus. Group, 713

13   F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("MERS has standing to foreclose as the nominee for the

14   lender and beneficiary of the Deed of Trust and may assign its beneficial interest to another

15   party").  MERS is also the beneficiary/nominee for any successors or assignees of American

16   Brokers Conduit.  "[A] trustor who agreed under the terms of the deed of trust that MERS, as the

17   lender's nominee, has the authority to exercise all of the rights and interests of the lender,

18   including the right to foreclose, is precluded from maintaining a cause of action based on the

19   allegation that MERS has no authority to exercise those rights." Siliga v. Mortgage Electronic

20   Registration Systems, Inc., 219 Cal. App. 4th 75, 83 (Cal. App. 2d Dist. 2013), overruled on other

21   grounds at Yvanova v. New Century Mortgage Corp., 2016 Cal. LEXIS 956, *37 n.13 (Cal. Feb.

22   18, 2016).

23           Regarding the assignment from MERS to Defendant, Plaintiff states "124. The Assignment

24   was purportedly signed by Swarupa Slee as Vice-President of MERS (but NOT as Nominee for

25   any party).  125. (*) Swarupa Slee is not Vice-President of MERS.  126. (*) Swarupa Slee did not

26   have authority to sign the Assignment of Deed of Trust." Doc. 67, at 21.  Plaintiff explains that in

27   his complaint, "Paragraphs marked (*) are 'specifically so identified' under Rule 11, and will

28   likely have evidentiary support after a reasonable opportunity for further investigation or

discovery." Doc. 67, at 4.  Thus, the court must conclude that Plaintiff has no factual basis for his

assertion that Swarupa Slee was not an agent of MERS.  Again, the court takes judicial notice of

the assignment of the DOT (duly filed with the Fresno Country Recorder).  Plaintiff's purely

speculative assertions about lack of authority are insufficient to state a claim. See <u>Cerecedes v.

U.S. Bankcorp</u>, 2011 U.S. Dist. LEXIS 75559, *15 (C.D. Cal. July 11, 2011) ("Rule 9(b) and

<u>Twombly</u> require plaintiffs to set forth more than bare allegations of 'robo-signing' without any

other factual support"); <u>Burnett v. Northwest Tr. Servs.</u>, 2015 U.S. Dist. LEXIS 16121, *5 (C.D.

Cal. Feb. 9, 2015).

Plaintiff alleges "181. Quality Loan Service Corporation falsely claims to be Trustee under

a Deed of Trust encumbering the Property, as a result of a substitution of Trustee recorded on

February 9, 2013 as 2013-0025900, purportedly signed Jan 18 2013....  182. The Substitution is

purportedly signed by 'BANK OF AMERICA, N.A. [NOT 'as successor'] by Quality Loan

Service Corporation as its attorney in fact, BY Tim Bargenquast, Assistant Vice President' and

notarized by Michele A. Kittinger.  183. (*) Tim Bargenquast did not have authority to sign the

Substitution." Doc. 67, at 30-31.  As with the allegation concerning Swarupa Slee above, Plaintiff

does not have any factual support for the statement that Tim Bargenquast did not have authority to

sign the substitution of trustee.  Plaintiff has not provided enough to state a claim.

Plaintiff has already been given two opportunities to amend his complaint.  At this point,

the court concludes that amendment is futile and dismissal with prejudice is appropriate.


**B. RICO**

"A civil RICO claim requires allegations of the conduct of an enterprise through a pattern

of racketeering activity that proximately caused injury to the plaintiff." <u>Swartz v. KPMG LLP</u>, 476

F.3d 756, 760-61 (9th Cir. 2007).  Plaintiff alleges "a pattern of racketeering activity consisting of

at least two acts of mail fraud and one act of wire fraud and a scheme to defraud homeowners and

rental property owners" through "a pattern and practice of mailing false foreclosure letters (Notice

of Default, Notice of Trustee Sale, requests for mortgage payments, etc.) to targeted homeowners

and rental property owners, even though Defendant is not the owner or holders of any Note

encumbering their properties" and "a pattern and practice of transmitting or causing to be transmitted to credit reporting agencies, by means of wire communication in interstate or foreign commerce, writings to the effect that the homeowners are past due on their mortgages." Doc. 67, at 39-40 and 42.  In other cases involving general statements that defendants had improperly enforced a deed of trust due to lack of authority or improper transfer, courts have found that these allegations were insufficient to constitute racketeering. See, e.g. Tjaden v. H.S.B.C. Bank USA N.A., 2015 U.S. Dist. LEXIS 49023, *16-17 (S.D. Cal. Apr. 14, 2015) ("Plaintiffs allege that Defendants mailed false monthly collection statements; recorded false assignments and notices of default, foreclosure, and trustee's sale; falsely reported Plaintiffs' late payments and default to credit agencies"); Pratap v. Wells Fargo Bank, N.A., 63 F. Supp. 3d 1101, 1114 (N.D. Cal. 2014); Engler v. ReconTrust Co., 2013 U.S. Dist. LEXIS 179950, *9 (C.D. Cal. Dec. 20, 2013); Simmons v. Aurora Bank, FSB, 2013 U.S. Dist. LEXIS 142917, *13-14 (N.D. Cal. Sept. 30, 2013); Gilmore v. Am. Mortg. Network, Inc., 2012 U.S. Dist. LEXIS 176194, *32-34 (C.D. Cal. Dec. 10, 2012); Pedersen v. Greenpoint Mortgate Funding, Inc., 900 F. Supp. 2d 1071, 1082 (E.D. Cal. 2012).  Plaintiff's RICO claim is dismissed with prejudice.

## IV. Order

Defendant's motion is GRANTED.  Plaintiff's claims are DISMISSED with prejudice. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   March 18, 2016

_____

SENIOR  DISTRICT  JUDGE