**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PHILIP KOENIG,**<br><br>        Plaintiff<br><br>        v.<br><br>**BANK OF AMERICA, N.A.,**<br><br>        Defendant | **CASE NO. 1:13-CV-0693 AWI BAM**<br><br>**ORDER RE: MOTION FOR RECONSIDERATION AND REQUEST FOR TEMPORARY RESTRAINING ORDER**<br><br><br>**(Docs. 83 and 84)** |

**I. Background**

Plaintiff Philip Koenig ("Plaintiff") and his wife owned and were domiciled at the property located at 8772 North Chickadee Lane, Clovis, CA, 93619 ("Property"), which they purchased in 2007. Doc. 67, ¶84. A Deed of Trust ("DOT") was recorded with the Fresno County Recorder on April 13, 2007. Doc. 5-1, Ex. A. Plaintiff and his wife are identified as "Borrower" and are the trustors under the DOT; American Brokers Conduit is identified as "Lender"; First American Title is identified as "Trustee"; Mortgage Electronic Registration Systems, Inc. ("MERS") is identified as "a nominee for Lender" and "beneficiary under this Security Instrument". Doc. 5-1, Ex. A. The Federal Home Loan Mortgage Corporation ("Freddie Mac") acquired the loan on May 17, 2007 from American Brokers Conduit. Doc. 45, Ex. B. Defendant Bank of America ("Defendant") is the servicer of the loan on behalf of Freddie Mac. Doc. 45, Ex. D. MERS recorded on February 29, 2012 an assignment all beneficial interest under the DOT to Defendant. Doc. 5-1, Ex. B. Defendant recorded on February 19, 2013 a substitution of Quality Loan Service Corporation ("Quality") as trustee in place of First American Title. Doc. 5-1, Ex. C. Quality then recorded a

Notice of Default and Election to Sell Under Deed of Trust on March 5, 2013, after Plaintiff fell behind on mortgage payments. Doc. 5-1, Ex. D.

Plaintiff sued Defendant alleging causes of action based on declaratory relief, the Fair Debt Collection Practices Act ("FDCPA"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Doc. 1.  Defendant filed the first motion to dismiss. Doc. 5.  Plaintiff opposed the motion. Doc. 10.  The FDCPA cause of action was dismissed with prejudice while the declaratory relief and RICO causes of action were dismissed with leave to amend. Doc. 24.  Plaintiff sought reconsideration of the order, objecting to the court's taking judicial notice of certain documents. Doc. 26.  That motion was denied. Doc. 34.  Plaintiff then made a motion for leave to add parties and additional causes of action, filing a proposed amended complaint. Docs. 45 and 46.  Plaintiff's motion was denied in part due to the fact that Plaintiff had not resolved the factual deficiencies that lead to the grant of the original motion to dismiss; Plaintiff was granted another opportunity to amend. Doc. 54.  Plaintiff then filed the first amended complaint which contained two causes of action based on declaratory relief and RICO. Doc. 67.  Defendant made a second motion to dismiss. Doc. 68.  Plaintiff opposes the motion. Doc. 74.  The motion was granted and Plaintiff's claims were dismissed with prejudice. Doc. 81.

Plaintiff then filed a motion for reconsideration. Doc. 83.  Plaintiff also filed a motion for a temporary restraining order to stop the ongoing foreclosure process. Doc. 84.

## II. Legal Standard

Federal Rule of Civil Procedure 59(e) allows a district court to alter, amend, or vacate a prior judgment.  "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011), citation omitted.  A district court should not grant a motion for reconsideration under Rule 59(e) "absent highly unusual circumstances." McDowell v.

-
-

Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), citations omitted. A Rule 59(e) motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Wood v. Ryan, 759 F.3d 1117, 1121 (9th Cir. 2014), quoting Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

### III. Discussion

The crux of Plaintiff's complaint is his allegation that through a series of improper transfers, Defendant does not have the right to foreclose (or direct another party to foreclose) on the Property. Specifically, Plaintiff objects to the assignment of beneficial interest from MERS to Defendant (Doc. 5-1, Ex. B) and the substitution of Quality in place of First American Title as trustee (Doc. 5-1. Ex. C). Plaintiff does not acknowledge Defendant as the current beneficiary under the Deed of Trust with authority to direct Quality as trustee to foreclose on the Property. The documents that effect these transfers have been judicially noticed. Plaintiff's motion for reconsideration argues that the prior rulings misapplied the law. There are no allegations of newly discovered facts or intervening change in law.

Regarding the assignment of beneficial interest and substitution of trustee, Plaintiff asserts that the individuals who signed those documents did not have the authority to do so, rendering those documents void notwithstanding the fact that they were recorded with the Fresno County Recorder. That would be a viable legal theory but for the facts Plaintiff provides to substantiate that theory. Plaintiff does not specifically state why the individuals involved were not qualified/authorized to sign but rather provides a blanket list of supposedly factual assertions. The relevant claims are as follows:

> 124. The Assignment was purportedly signed by Swarupa Slee as Vice-President of MERS (but NOT as Nominee for any party).
> 125. (*) Swarupa Slee is not Vice-President of MERS.
> 126. (*) Swarupa Slee did not have authority to sign the Assignment of Deed of Trust.
> 127. (*) Swarupa Slee did not read or sign the Assignment and did not know its contents.
> 128. (*) No consideration was received by MERS for the Assignment.
> 129. (*) No consideration was received by American Brokers Conduit for the Assignment.
> 130. As of February 27, 2012, neither MERS nor American Brokers

Conduit was owner and holder of the Note.
   131. As of February 27, 2012, MERS was not nominee or agent of any party that owned or possessed any Promissory Note encumbering the Property.
   132. The Assignment states: 'Recording Requested By: Bank of America. Prepared By: Diana De Avila (a CoreLogic employee)…When recorded mail to: CoreLogic'
   133. (*) Bank of America had no knowledge of the Assignment.
   134. (*) CoreLogic, not Bank of America, requested the recording of the Assignment." Doc. 67, at 22.
   135. The Assignment is attached to a notarization page (although there was room for the notarization on the first page), and purportedly notarized by Shannon Steeg in Ventura County, California.  The notarization page says 'DocID#13716070178010079' but the Assigment does not say any such thing.
   136. Shannon Steeg is not a notary of Ventura County, California.
   137. Swarupa Slee did not sign in the presence of Shannon Steeg.

….

   182. The Substitution is purportedly signed by 'BANK OF AMERICA, N.A. [NOT 'as successor'] by Quality Loan Service Corporation as its attorney in fact, BY: Tim Bargenquast, Assistant Vice President' and notarized by Michele A. Kittinger.
   183. (*) Tim Bargenquast did not have authority to sign the Substitution.
   184. (*) Quality Loan Service Corporation is not Attorney in Fact of BANK OF AMERICA, N.A.
   185. (*) There is no recorded document making Quality Loan Service Corporation an Attorney in Fact of BANK OF AMERICA, N.A.
   186. (*) BANK OF AMERICA, N.A. owns, or has a direct or indirect interest in Quality Loan Service Corporation.  There is no neutral, arms-length relationship.  Foreclosure trustees are legally required to act in good faith as neutral parties between borrowers and lenders while conducting foreclosure proceedings.
   187. Thus, Quality Loan Service Corporation unilaterally stepped in and appointed itself Successor Trustee in place of First American Title.

Doc. 67, at 21-22 and 31.

Taken as a whole, it is evident that these statements are not actual factual assertions.  For instance, Plaintiff claims that Shannon Steeg is not a notary public.  Shannon Steeg was the person who affirmed that Swarupa Slee signed the assignment of beneficial interest on February 27, 2012. Doc. 5-1, Ex. B.  The writings on that document indicates that Shannon Steeg was a notary public at the time whose commission was due to expire May 17, 2013.  The court takes judicial notice of the list of notaries public provided by the California Secretary of State at http://www.sos.ca.gov/notary/notary-public-listing/, accessed on October 11, 2016.  That list indicates that Shannon Steeg of Simi Valley, CA is a notary public whose current commission expires on May 17, 2017.  California commissions have a duration of four years.  Thus, the current information is perfectly consistent with Shannon Steeg being a valid notary public on February 27,

2012 whose commission was renewed on May 17, 2013. Plaintiff also asserts that Swarupa Slee did not read the assignment of interest and does not know the contents of that document and that Defendant itself did not know that Quality had been substituted in as trustee. Plaintiff provides no information about why he believes these statements to be true. Instead of having any factual content, they appear to be a recitation of all possible objections Plaintiff thought could conceivably work to void the transactions.

The court does not treat these blanket assertions as genuine statements of fact upon which a cause of action can be founded but rather as conclusory allegations. The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). In the context of wrongful foreclosure claims, Plaintiff's allegations are insufficient to state a cause of action. See Burnett v. Northwest Tr. Servs., 2015 U.S. Dist. LEXIS 16121, *5 (C.D. Cal. Feb. 9, 2015) ("Plaintiff does not dispute that the substitution was recorded, but instead raises 'the question as to the veracity and validity of the documents…' (Dkt. 11 at 2.) The complaint, however, does not allege that Northwest recorded a fraudulent substitution of trustee, nor would such a conclusory allegation suffice"); Cerecedes v. U.S. Bankcorp, 2011 U.S. Dist. LEXIS 75559, *15 (C.D. Cal. July 11, 2011) ("Rule 9(b) and Twombly require plaintiffs to set forth more than bare allegations of 'robo-signing' without any other factual support").

In this case, the court had already found that Plaintiff failed to state a cause of action in multiple orders prior to the filing of the first amended complaint. See Docs. 24, 34, and 54. Leave to amend should be freely given, but not if amendment would be futile. Given the number of times Plaintiff had been instructed on the deficiencies of his complaints/proposed complaints, the court dismissed his claims with prejudice because continuing to allow him to amend would not result in a viable pleading. See Telesaurus VPC. LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010). As Plaintiff has no viable legal claims founded in wrongful foreclosure, the request for injunctive relief must be denied.

**IV. Order**

Plaintiff's motion for reconsideration is DENIED. Plaintiff's motion for injunctive relief is DENIED.

IT IS SO ORDERED.

Dated: October 11, 2016

_____
SENIOR DISTRICT JUDGE